In the Matter of MUTUAL MORTGAGE COMPANY OF NEW YORK, Respondent, *v.* STATE TAX COMMISSION, Appellant.

Third Department, April 18, 1974.

274

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for appellant.

*I. Edward Pogoda* for respondent.

STALEY, JR., J. P. This is an appeal from a judgment of the Supreme Court at Special Term, entered October 19, 1972 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78 to annul the determination of the State Tax Commission, and vacated the notice of deficiency issued March 31, 1969.

The sole issue presented is whether a partnership in computing unincorporated business taxable income shall be allowed a deduction for personal services of a corporate partner actively engaged in the business of the partnership pursuant to the provisions of subdivision (a) of section 708 of the Tax Law.

Section 708 provides, in part, as follows: " (a) In computing unincorporated business taxable income, there shall be allowed * * * deductions for reasonable compensation not in excess of five thousand dollars for personal services of the proprietor and of each partner actively engaged in the unincorporated business ".

Petitioner, Mutual Mortgage Company of New York, is a limited partnership engaged in financial operations consisting of making loans to builders, land developers and owners of apartment houses, shopping centers and commercial buildings.

The partnership is composed of six general partners and over 140 limited partners. One of the general partners, Portfolio

Control Corporation, is a corporation. Portfolio Control Corporation, through its officers who are businessmen with a background in investments and real estate, advises petitioner regarding loans under consideration, attends meetings of petitioner and consults with the other general partners relating to accepting or rejecting loan applications.

Petitioner filed New York partnership returns for the years 1965 and 1966 in which it claimed an allowance for partner's services in the amount of $25,547.12 for the year 1965 and $30,000 for the year 1966.

The New York State income tax bureau limited petitioner's deduction for partner services to the five individual partners, and allowed a total of $25,000 for deduction for partner services for the years 1965 and 1966 allowing the maximum of $5,000 per year for each individual general partner.

On March 31, 1969, a notice of deficiency was issued by the State Tax Commission determining additional unincorporated business tax liability of the Mutual Mortgage Insurance Company of New York for the year 1965 in the amount of $21.88 and for the year 1966 in the amount of $200. The State Tax Commission in denying petitioner's application for redetermination of the deficiency held that "For purposes of computing the unincorporated business tax, a credit for personal services of a partner is allowable only for the services of an individual."

Section 2 of the Partnership Law of the State of New York defines a "person" to include individuals, partnerships, corporations and other associations. Section 202 of the Business Corporation Law provides: "(a) Each corporation, subject to any limitations provided in this chapter or any other statute of this state or its certificate of incorporation, shall have power in furtherance of its corporate purposes * * * (15) To be a promoter, partner, member, associate or manager of other business enterprises or ventures, or to the extent permitted in any other jurisdiction to be an incorporator of other corporations of any type or kind."

Portfolio Control Corporation was a corporate partner actively engaged in the business of petitioner, rendering personal services to it by making inspections and appraisals in connection with applications for mortgage loans through its corporate officers. Since the Tax Law specifically provides that the services to be rendered by an incorporated business may be rendered by a member of a partnership, and since a corporation which

is a legal member of a partnership rendered such personal services, the determination of the State Tax Commission is contrary to the applicable statutes.

Appellant places great reliance on its contention that its determination should be confirmed on the fact that former section 386-e of the Tax Law, the predecessor statute to section 708, was construed to limit the deduction for personal service to individual partners, and that such former section allowed "a reasonable amount on account of his personal services." However, section 708 was added to the Tax Law by chapter 564 of the Laws of 1960, and section 202 of the Business Corporation Law permitting a corporation to participate as a partner in business enterprises or ventures became effective April 1, 1963. There is no question about the right of Portfolio Control Corporation to act as a general partner of the petitioner partnership.

The terms of subdivision (a) of section 708 of the Tax Law are clear and unambiguous, and there is no basis for the interpretation made by the State Tax Commission disallowing the deduction for personal services of petitioner's corporate partner.

The judgment should be affirmed, with costs.

GREENBLOTT, SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.